[Cite as *State v. Higby*, 2011-Ohio-4996.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 10CA0054 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOUGLAS HIGBY, JR. | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. CRB-10-04-00425 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}  Douglas Higby pleaded no contest to domestic violence and criminal damaging. The municipal court accepted his plea, found him guilty of the offenses, and sentenced him to nine months in jail.  Mr. Higby has appealed, arguing that the court failed, in violation of Rule 11(E) of the Ohio Rules of Criminal Procedure, to advise him of the possible penalties associated with his offenses before accepting his plea.  We affirm because the municipal court complied with Criminal Rule 11(E).

MOOTNESS

{¶2}  The State has argued that Mr. Higby's appeal is moot because he already completed his jail term.  In *State v. Pedraza*, 9th Dist. No. 09CA009706, 2010-Ohio-4284, we concluded that an appeal from a fully served sentence on a misdemeanor charge is moot if the defendant did not request a stay of the sentence pending appeal and failed to allege that he would

suffer some collateral disability or loss of civil rights if the appeal was not considered. *Id.* at ¶25. Mr. Higby, however, did request that the municipal court stay his sentence. We have also recognized that, because a domestic violence offender can not own or possess a firearm, an appeal from a misdemeanor domestic violence conviction is not moot, even if the offender has already completed his sentence. *State v. Fletcher*, 9th Dist. No. 23838, 2008-Ohio-3105, at ¶11; see 18 U.S.C. § 922(g)(9) (prohibiting domestic violence offenders from possessing firearms).

## EFFECT OF THE PLEA

{¶3}    Mr. Higby's assignment of error is that his no-contest plea was invalid because the municipal court failed, in violation of Rule 11 of the Ohio Rules of Criminal Procedure and the United States and Ohio Constitutions to advise him of the possible penalties associated with his offenses. According to Mr. Higby, because the crimes he was accused of are petty offenses, the court had to comply with Criminal Rule 11(E). Under that rule, "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea . . . ." Mr. Higby has argued that, in order to comply with that rule, the court had to inform him of "the potential penalties" associated with the charges and "that the sentences could be run consecutively . . . to increase the total time of incarceration."

{¶4}    The plain language of Criminal Rule 11(E) requires a trial court to do one thing before accepting a plea of guilty or no contest in a petty offense case, "inform[ ] the defendant of the effect of the plea[.]" *State v. Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, at paragraph one of the syllabus ("In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered."). In *Jones*, the Ohio Supreme Court held that Criminal Rule 11(E)'s "effect of the plea" language refers to Criminal Rule 11(B), which is titled "[e]ffect of guilty or no contest pleas[.]" *Id.* at paragraph

two of the syllabus ("To satisfy the requirement of informing a defendant of the effect of a plea, the trial court must inform the defendant of the appropriate language under Crim.R. 11(B)."). It specifically rejected Mr. Jones's argument that the term "effect of the plea" had a more expansive meaning, concluding that "a statement about the effect of a plea is separate from statements relating to a maximum penalty and the right to a jury trial[.]" *Id*. at ¶22 (distinguishing Criminal Rule 11(C) requirements in felony cases).

{¶5} To comply with Criminal Rule 11(B)(2), a court must tell the defendant that "[t]he plea . . . is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." The municipal court told Mr. Higby that "a plea of no contest . . . , while not an admission of guilt does admit the facts . . . contained in the complaint . . . . Even though the plea itself can not be used against you in any later civil or criminal action, that plea, along with a reading of the facts, will allow me to find you guilty here today[.]" We conclude that the court properly informed Mr. Higby about the effect of his no contest plea under Criminal Rule 11(B)(2) and (E).

{¶6} Under Criminal Rule 11(E), the municipal court was not required to tell Mr. Higby about the potential penalties he faced or that his sentences could run consecutively before accepting his no-contest plea. Mr. Higby has also failed to cite any authority suggesting that he had the right to be told those things under the United States or Ohio constitutions. His assignment of error is overruled.

## CONCLUSION

{¶7} Before accepting a no contest plea to a petty offense under Rule 11(E) of the Ohio Rules of Criminal Procedure, the trial court must only tell the defendant the effect of his plea, as

that term is set forth in Criminal Rule 11(B)(2).  The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS

MOORE, J.
CONCURS, SAYING:

{¶8}    It seems counterintuitive that a defendant can enter a knowing, intelligent and voluntary plea to a first degree misdemeanor domestic violence without knowing the penalties

that could attach to the plea. Inasmuch as the high court has spoken on the matter and ruled that it is so, it is so.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.