[Cite as *State v. Klingsbergs*, 2011-Ohio-6509.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 10CA0044 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN E. KLINGSBERGS | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. TRC 10-07-05954 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2011

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Kevin E. Klingsbergs appeals the rulings of the Wayne County Municipal Court. For the reasons set forth below, we affirm.

I.

{¶2} On the afternoon of July 4, 2010, Mr. Klingsbergs was stopped in Wayne County on State Route 3 for speeding and was ticketed for violating R.C. 4511.21(D). As Mr. Klingsbergs was intoxicated at the time, he was also charged with violating R.C. 4511.19(A)(1)(a) and (A)(1)(h). Subsequently, a complaint was filed in Wayne County Municipal Court.

{¶3} At arraignment before a magistrate, Mr. Klingsbergs proceeded pro se and entered a plea of no contest to the charges. At the hearing, the magistrate recommended a sentence. The trial court reviewed and adopted the magistrate's decision. Mr. Klingsbergs, through counsel, then filed a motion to withdraw his plea, which was denied without hearing by the trial court.

Thereafter, Mr. Klingsbergs appealed the decision, but this Court dismissed the appeal due to the trial court's failure to enter judgment. The trial court issued another entry, Mr. Klingsbergs appealed, and this Court again dismissed the appeal for failing to enter judgment.

{¶4} On September 15, 2010, the trial court issued an entry reciting the magistrate's recommendations and entered judgment sentencing Mr. Klingsbergs for the violation of R.C. 4511.19(A)(1)(h) to a $600.00 fine, a six-point assessment on his license, a one year license suspension, a year of probation, and a six-day jail sentence, three of which could be served by attending a 72 hour treatment program. For the violation of R.C. 4511.21(D), Mr. Klingsbergs received a $50.00 fine. On September 22, 2010, Mr. Klingsbergs filed a motion to withdraw his plea, asserting it was not knowingly, intelligently, or voluntarily entered as he was not made aware of "the severity of the suspension that would be imposed against his operator's license and the [6]0-day lack of any driving privileges during the 'hard time' of that suspension." On September 27, 2010, the trial court issued an entry denying the motion.

{¶5} Mr. Klingsbergs filed a notice of appeal appealing from the September 15, 2010 judgment entry and the September 27, 2010 entry denying his motion to withdraw. Mr. Klingsbergs has raised two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"THE DEFENDANT'S PLEA OF [NO CONTEST] WAS NOT VOLUNTARILY, KNOWINGLY, OR INTELLIGENTLY MADE BECAUSE HE DID NOT UNDERSTAND THE MAXIMUM PENALTY THAT MAY ENSUE FROM HIS PLEA[.]"

{¶6} Mr. Klingsbergs asserts in his first assignment of error that his plea was not knowingly, intelligently, or voluntarily made as he was not informed that there was a portion of

his suspension during which he could not have any driving privileges. He asserts that Crim.R. 11(C)(2) required the court to inform him of that fact. We disagree.

{¶7} Mr. Klingsbergs asserts that the standard set forth in Crim.R. 11(C)(2) applies to his case. However, Crim.R. 11(C)(2) governs pleas in felony cases. Mr. Klingsbergs did not plead guilty to any felony charges; instead, he pleaded no contest to two first-degree misdemeanors, see R.C. 4511.19(G)(1)(a), and one minor misdemeanor. See R.C. 4511.21; R.C. 4511.99(A). The procedure to be followed in a misdemeanor plea depends on the classification of the offense. See Crim.R. 11(D),(E); see, also, *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, at ¶11 ("Crim.R. 11 sets forth distinct procedures, depending upon the classification of the offense involved.").

> "For a petty offense, defined in Crim.R. 2(D) as 'a misdemeanor other than [a] serious offense,' the court is instructed that it 'may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.' Crim.R. 11(E). If the misdemeanor charge is a serious offense, meaning that the prescribed penalty includes confinement for more than six months, Crim.R. 2(C), the court shall not accept a guilty or no contest plea 'without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily.' Crim.R. 11(D)." *Jones* at ¶11.

In the instant matter, Mr. Klingsbergs' plea to the first degree misdemeanors would subject him to a maximum of 180 days in jail. See R.C. 2929.24(A)(1). Accordingly, his offense is classified as a petty offense. *Jones* at ¶¶11, 14.

{¶8} "The plain language of Criminal Rule 11(E) requires a trial court to do one thing before accepting a plea of guilty or no contest in a petty offense case, 'inform[ ] the defendant of the effect of the plea[.]'" *State v. Higby,* 9th Dist. No. 10CA0054, 2011-Ohio-4996, at ¶4; *Jones* at paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under

Crim.R. 11(B)." *Jones* at paragraph two of the syllabus. The relevant language from Crim.R. 11(B) states that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2). In the instant matter, the magistrate defined all three types of pleas. Mr. Klingsbergs has not taken issue with the manner in which the magistrate defined a plea of no contest.

{¶9} Instead, Mr. Klingsbergs argues that the magistrate was required to inform him of the mandatory nature of a portion of his license suspension. We acknowledge that it is troubling that, when faced with entering pleas to first degree misdemeanors, the trial court's obligation is limited to merely informing the defendant of the effect of the plea. See *Jones* at paragraph one of the syllabus. However, the Supreme Court has spoken on this issue in *Jones*, and this Court is bound to follow and apply the law as outlined in *Jones*. In applying *Jones*, this Court has held that "[u]nder Criminal Rule 11(E), the municipal court was not required to tell [the defendant] about the potential penalties he faced * * * before accepting his no-contest plea." *Higby* at ¶6. "Mr. [Klingsbergs] has also failed to cite any authority suggesting that he had the right to be told those things under the United States or Ohio constitutions." Id. Accordingly, we necessarily conclude that, based on the law as set forth by the Supreme Court in *Jones*, Mr. Klingsbergs' argument is without merit. His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

"THE TRIAL COURT'S DECISION TO DENY APPELLANT'S MOTION TO
WITHDRAW HIS PLEA WAS AN ABUSE OF DISCRETION[.]"

{¶10} Mr. Klingsbergs asserts in his second assignment of error that the trial court abused its discretion in denying his motion to withdraw his plea as it failed to hold a hearing. We disagree.

{¶11} "The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court." *State v. McKinney,* 9th Dist. No. 06CA0031-M, 2006-Ohio-5364, at ¶10. Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} Mr. Klingsbergs' motions to withdraw his plea were post-sentence motions. This Court has stated that "[a]n evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Internal quotations and citations omitted.) *McKinney* at ¶12.

{¶13} The basis of Mr. Klingsbergs motion was that he was not informed at the time of his plea that for a portion of his license suspension he could not obtain driving privileges; this is the basis for his first assignment of error. As we have previously found no merit to his first assignment of error, we likewise conclude that Mr. Klingsbergs has not demonstrated a basis in the record indicating he was entitled to withdraw his plea. See id. Mr. Klingsbergs has not demonstrated a manifest injustice. See id. Therefore, we overrule his second assignment of error.

III.

**{¶14}** In light of the foregoing, we overrule Mr. Klingsbergs' assignments of error and affirm the judgment of the Wayne County Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

MATTHEW G. BRUCE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.