[Cite as *Cleveland v. Jones-McFarlane*, 2020-Ohio-3662.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF CLEVELAND,　　　　　　　:

　　　Plaintiff-Appellee,　　　　:
　　　　　　　　　　　　　　　　　　　　No. 108581
　　　v.　　　　　　　　　　　　　:

TOMIKA J. JONES-MCFARLANE,　　:

　　　Defendant-Appellant.　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, PLEA VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** July 9, 2020

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018 TRC 033049

---

*Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and
Karrie D. Howard, Chief Prosecutor, and Jonathan L.
Cudnik, Assistant City Prosecutor, *for appellee.*

Fred D. Middleton, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, Tomika J. Jones-McFarlane ("Jones-McFarlane"), appeals from her sentence pursuant to a guilty plea to one count of having physical control of a vehicle while under the influence, in violation of R.C.

4511.194. For the reasons that follow, we reverse, vacate the plea, and remand the matter to the trial court.

## I.   BACKGROUND

{¶ 2}   Jones-McFarlane, 42 years old, was pulled over on November 9, 2018, and charged with three traffic violations.  Count 1 was a violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, for operating a vehicle while under the influence of alcohol or drugs.  Count 2 was a violation of R.C. 4513.03, a minor misdemeanor, for not displaying lighted lights on a motor vehicle.  Count 3 was a violation of R.C. 4513.263(B)(1), a minor misdemeanor, for not wearing a seatbelt while operating a vehicle.  In a separate case (2018 CRB 020368), Jones-McFarlane was charged with one count of violating R.C. 4301.62, a minor misdemeanor, for having an opened container of beer or intoxicating liquor prohibited at certain premises on the same date as the other charged offenses.

{¶ 3}   The city of Cleveland represented that she was weaving within her lane before being pulled over, and that she had droopy eyes, lethargic movements, and underwent standard sobriety tests before proceeding to the Linndale Police Department for a test.  Jones-McFarlane represented that she was pulled over because her headlights were off.  She also represented that her breathalyzer test result was 0.02.  She pled not guilty at her arraignment hearing.  Counsel was later appointed.

{¶ 4}   At a hearing on November 19, 2018, a plea deal was discussed under which Jones-McFarlane would plead guilty to an amended Count 1, and the other

counts, including the open container charge, would be nolled. The prosecutor also recommended the three-day intervention program that first-time offenders convicted of operating a vehicle under the influence of alcohol or other drugs may attend at the court's discretion instead of a mandatory three-day jail term. *See* R.C. 1547.99 and 4511.19.

{¶ 5} Defense counsel appears to have attempted to explain the plea deal to Jones-McFarlane during the November 19, 2018 hearing, but her responses throughout the exchange are largely reflected as "Inaudible" on the transcript. At one point, defense counsel stated "Your Honor, she's not clear on what her alternatives are." Jones-McFarlane then stated, "I just want to get it over with. No." Afterwards, the court stated, "That's not a reason to enter a plea" and continued the hearing to December 10, 2018. Jones-McFarlane and the court then had the following exchange:

> JONES-MCFARLANE: Sir, I'm agreeing to the plea.
>
> COURT: No. You've indicated you're not happy with what's going on. You need to talk to your attorney and figure out what you want to do.
>
> JONES-MCFARLANE: No.
>
> COURT: We're coming back on 12-10 at 11 o'clock.

{¶ 6} The plea hearing proceeded on December 10, 2018. With counsel present, Jones-McFarlane pled guilty to an amended Count 1. As amended, Count 1 charged a violation of R.C. 4511.194, a first-degree misdemeanor, for having physical control of a vehicle while under the influence. Counts 2 and 3 were

nolled.   The open container charge from the other case was also nolled.   The

following colloquy took place at the plea hearing:

> COURT:  How do you plead to the amended charge?
>
> JONES-MCFARLANE:  Guilty.
>
> COURT:  You understand what's going on in here?
>
> JONES-MCFARLANE:  Enough.
>
> COURT:   By entering this plea, you know you're giving up certain constitutional rights?
>
> JONES-MCFARLANE:  I'm sorry.
>
> COURT:   By entering this plea, you know you're giving up certain constitutional rights?
>
> JONES-MCFARLANE:  I understand that.
>
> COURT:   Did your attorney advise you of your constitutional rights before today?
>
> JONES-MCFARLANE:  No.
>
> COURT:  You know you have a right to a trial or to a bench or to a jury.  You have the right to call witnesses on your behalf.  You have the right to confront witnesses who might testify against you.  You have the right to be presumed innocent of all these charges — (inaudible) — do you understand those rights?
>
> JONES-MCFARLANE:  Yes
>
> COURT:  You have the right to have the prosecution prove each and every element of the charges against you.   You have the right to remain silent at all stages of these proceedings.  Do you wish to give up all those rights today?
>
> JONES-MCFARLANE:  Yes.

{¶ 7}   The prosecutor then set forth the factual basis for the charge.

Afterwards, the court informed Jones-McFarlane that if she had insurance, she

could take it to the BMV and show it to them to avoid the license suspension, or come back to court at a later date. Jones-McFarlane responded, "I don't want to come back." The court proceeded to sentence her to 180 days with a $1,000 fine at the plea hearing, but later stated it would wait for a report to see whether Ohio's intervention program was recommended. The following exchange took place:

> COURT: All right. We will proceed with sentencing today. $1,000. 180 days. Does she want to do the Three Day Alternative or three days in jail?

> DEFENSE COUNSEL: She said she can't afford the Alternative to Jail.

> COURT: Are you working, ma'am?

> JONES-MCFARLANE: No, I'm on disability.

> COURT: What are you on, SSI?

> DEFENDANT: Social Security Disability

> COURT: SSD. If you get a drug test today, how would you do?

> DEFENDANT: Pretty good.

> COURT: Come back negative or positive?

> DEFENDANT: Negative.

> COURT: Was it a test or refusal?

> PROSECUTOR: Urine test, your Honor.

> COURT: Do we have the results?

> PROSECUTOR: That is — she's — that's why she is not — she is pleading to Physical.

> COURT: Okay. I'm going to get a report. January the 23rd. 10:00 a.m.

**{¶ 8}** Jones-McFarlane then told the court that she "was trying to avoid coming back here," that she could not afford the alternative program, and that she would "just report to jail." The trial court concluded:

> I'll get a report. I'll see what they recommend. If they recommend they want to pay for you doing the three day program, they may do that. If they want to recommend you just go to jail, they may do that. I don't know what they're going to say. Just go down to probation. I'll see you next month.

**{¶ 9}** The case was scheduled for a sentencing hearing on January 23, 2019. Jones-McFarlane appeared that day, but requested a continuance because she wanted to retain private counsel. The court continued the sentencing hearing to February 20, 2019. Jones-McFarlane failed to appear that day and a warrant was issued on February 24, 2019. She was arrested on March 5, 2019, and appeared before the court on March 11, 2019, at which the court set another sentencing hearing date for March 20, 2019. Jones-McFarlane also did not appear on the March 20, 2019 date. The court set a hearing for March 27, 2019, that was continued to May 6, 2019, at Jones-McFarlane's request.

**{¶ 10}** A sentence was not entered on the docket until May 6, 2019, five months after the plea hearing. On May 6, 2019, the court sentenced Jones-McFarlane to 180 days of incarceration and ordered her to pay a $1,000 fine. The court suspended 177 days of the incarceration sentence and $500 of the fine. The court also ordered one year of community control supervision and ordered Jones-McFarlane to complete four Mothers Against Drunk Driving sessions. The trial

court also referred Jones-McFarlane to be screened for the Mental Health Specialized Docket.

{¶ 11} This appeal followed. Jones-McFarlane asserts the following assignment of error:

> The guilty plea was not knowingly, intelligently or voluntary [sic] entered when there is no record of the statement of possible sentences based on a change of plea and thus in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 of the Ohio Constitution and violation of Criminal Rule 11 and Traffic Rule 10.

## II. STANDARD OF REVIEW

{¶ 12} "We review the trial court's compliance with Crim.R. 11 de novo." *State v. Simmons*, 8th Dist. Cuyahoga No. 105984, 2017-Ohio-8891, ¶ 9, citing *State v. McGinnis*, 8th Dist. Cuyahoga No. 99918, 2014-Ohio-2385, ¶ 11, and *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827. "'In other words, this court will conduct our own independent review of the record without any deference to the trial court.'" *Simmons* at ¶ 9, quoting *State v. Avery*, 4th Dist. Scioto No. 14CA3613, 2015-Ohio-4251, ¶ 5.

{¶ 13} The Ohio Supreme Court has further explained:

> When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, *e.g.*, by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * * *

> The test for prejudice is whether the plea would have otherwise been made. * * *

> If the trial judge completely failed to comply with the rule, *e.g.*, by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. * * *
>
> A complete failure to comply with the rule does not implicate an analysis of prejudice.

*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462

## III. LAW AND ANALYSIS

{¶ 14} Jones-McFarlane argues that her guilty plea and sentence should be vacated because she was not made aware of the possible sentences associated with the charge before entering her plea. She argues that the trial court violated Crim.R. 11(E) and Traf.R. 10(D).[1] We find that although the court was not required to inform Jones-McFarlane of the possible sentences associated with her plea, it otherwise failed to comply with Crim.R. 11(E) by not informing Jones-McFarlane of the effect of her plea, as set forth in Crim.R. 11(B). Accordingly, we vacate the guilty plea.

### A. Jones-McFarlane's guilty plea was governed by Crim.R. 11(E).

{¶ 15} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6, citing *Watkins* at ¶ 25. Crim.R. 11 governs the entering of pleas and "sets forth distinct procedures, depending upon the classification of the offense involved." *Jones* at ¶ 11.

---

[1] Traf.R. 10(D) is substantively identical to Crim.R. 11(E). *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, ¶ 8, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 15. The same is true of Traf.R. 10(B) and Crim.R. 11(B). *Id.* at ¶ 17. Therefore, our analysis of Jones-McFarlane's assignment of error under Crim.R. 11 is the same for Traf.R. 10.

{¶ 16} Jones-McFarlane entered a plea of guilty to a charge of having physical control of a vehicle while under the influence, a first-degree misdemeanor in violation of R.C. 4511.194, which is subject to a maximum sentence of 180 days. *See* R.C. 2929.24. As the offense carries with it a maximum sentence of less than six months, it is a petty offense rather than a serious offense. Crim.R. 2(C) and (D). Because Jones-McFarlane pled guilty to a petty offense, Crim.R. 11(E) governs the trial court's acceptance of her guilty plea.

### B. Trial court's obligations under Crim.R. 11(E) required the trial court to inform Jones-McFarlane of the "effect of her plea."

{¶ 17} Crim.R. 11(E) provides:

> Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and *shall not accept such pleas without first informing the defendant of the effect of the plea of guilty*, no contest, and not guilty. The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.

(Emphasis added.)

{¶ 18} The Ohio Supreme Court has found that "effect of the plea" described in Crim.R. 11(E) is satisfied by informing the defendant of the language in Crim.R. 11(B). *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 25; *Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at ¶ 28 ("where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)").

{¶ 19} In *Jones*, the court held:

We hold, therefore, that to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). In this case, before accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform Jones that a plea of guilty is a complete admission of guilt.

* * *

Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the "effect of the plea." Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea.

*Jones* at ¶ 25, 51.

**{¶ 20}** Crim.R. 11(B)(1) provides:

(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered: (1) The plea of guilty is a complete admission of the defendant's guilt.

**{¶ 21}** Thus, pursuant to Crim.R. 11(E), the trial court was only required to inform Jones-McFarlane of the "effect of the plea of guilty" as set forth in Crim.R. 11(B). *Cleveland v. O'Donnell*, 2018-Ohio-390, 106 N.E.3d 192, ¶ 11 (8th Dist.); *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 8; *Cleveland v. Wynn*, 8th Dist. Cuyahoga No. 103969, 2016-Ohio-5417, ¶ 9.

## C. Crim.R. 11(E) did not require the trial court to inform Jones-McFarlane of the maximum or potential penalties associated with her guilty plea.

**{¶ 22}** Crim.R. 11(E) does not require that a defendant be informed of the possible sentences of a plea, as Jones-McFarlane argues. *Parma v. Benedict*, 8th Dist. Cuyahoga No. 98947, 2013-Ohio-1990, ¶ 6-15. In *Benedict*, we found that the

trial court complied with Crim.R. 11(E) in accepting a no contest plea where it advised the defendant according to Crim.R. 11(B), but failed to inform the defendant of other possible penalties, namely the mandatory suspension of the defendant's commercial driver's license. Accordingly, we must conclude that Jones-McFarlane's claim that the trial court violated her rights when it accepted her guilty plea without informing her of the possible sentences is without merit. *Benedict* at ¶ 15. *See also State v. Songer*, 5th Dist. Richland No. 01CA82, 2002 Ohio App. LEXIS 2945,  11 (May 30, 2002) ("There is no requirement in Crim.R. 11(B) that the trial court advise a defendant entering a no contest plea to a petty offense of the nature of the offense and the potential penalties. In short, we find that the nature of the offense and potential penalties are not part of the 'effect' of a no contest plea."); *State v. Griffith*, 10th Dist. Franklin No. 10AP-94, 2010-Ohio-5556, ¶ 4-13 (failure to inform defendant of potential penalties of a petty misdemeanor did not violate Crim.R. 11(E)); *State v. Higby*, 9th Dist. Wayne No. 10CA0054, 2011-Ohio-4996 ("Under Criminal Rule 11(E), the municipal court was not required to tell Mr. Higby about the potential penalties he faced or that his sentences could run consecutively before accepting his no-contest plea.").

{¶ 23} The Ohio Supreme Court has also concluded that the "effect of the plea" language in Crim.R. 11(E) does not require an explanation of the maximum penalty involved. *Benedict* at ¶ 9, citing *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 22. That right is set forth in Crim.R. 11(C), which governs felony pleas. *Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-

Ohio-4032, ¶ 8, 16.  But we note, as we did in *Benedict*, that although not mandated, the preferred procedure is for a trial court to comply with Crim.R. 11(C) even for pleas entered to petty misdemeanor offenses.  *Benedict* at ¶ 10.  Here, the court partially followed preferred procedure by informing Jones-McFarlane of the following constitutional rights she would be giving up in pleading guilty:  the (1) right to a trial; (2) right to call and confront witnesses; (3) right to be presumed innocent; (4) right to have the prosecution prove every element of each charge; and (5) right to remain silent.

### D.  The trial court did not comply with Crim.R. 11(E).

{¶ 24} Although the trial court was not required to inform Jones-McFarlane of the possible sentence associated with her plea, we find that the trial court otherwise failed to satisfy Crim.R. 11(E).  "'[T]o satisfy the requirement of informing a defendant of the effect of a plea [under Crim.R. 11(E)], a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).'"  *Buckwald* at ¶ 22, quoting *Jones* at paragraph two of the syllabus.  Reviewing the record of the plea hearing, it is evident that the trial court did not inform Jones-McFarlane prior to accepting her plea that the plea of guilty is a complete admission of guilt, as set forth in Crim.R. 11(B).  Thus, Jones-McFarlane was not informed of the effect of her plea as Crim.R. 11(E) requires.

{¶ 25} Where there is a "complete failure to comply with the rule," a prejudice analysis is not necessary; the plea must be vacated.  *Clark*, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32.  The trial court's failure to mention any of the

language in Crim.R. 11(B) regarding the effect of Jones-McFarlane's guilty plea was a complete failure to comply with the rule. *Buckwald* at ¶ 46. Accordingly, Jones-McFarlane's plea must be vacated. *Id.*; *Maple Hts. v. Mohammad*, 8th Dist. Cuyahoga No. 108060, 2019-Ohio-4577, ¶ 16.

**{¶ 26}** Jones-McFarlane's guilty plea is vacated. Judgment is reversed, plea vacated, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR