**[Cite as *State v. Tharp*, 2020-Ohio-4329.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28616 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-5139 |
| | : | |
| DENVER C. THARP | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of September, 2020.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 West Monument Avenue, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Denver C. Tharp, appeals from his conviction in the Dayton Municipal Court after he pled no contest to littering. In support of his appeal, Tharp contends that his no contest plea was not knowingly, intelligently, and voluntarily entered. For the reasons outlined below, Tharp's judgment of conviction will be affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On October 9, 2019, a complaint was filed in the Dayton Municipal Court charging Tharp with one count of littering in violation of R.C. 3767.32(A), a misdemeanor of the third degree. Tharp pled no contest to the charge, and the trial court accepted Tharp's plea and found him guilty. The trial court thereafter sentenced Tharp to 60 days in jail, with 60 days suspended, basic supervised probation for up to one year, and 40 hours of community service. The trial court also imposed a $50 fine and court costs, which Tharp was ordered to pay within 30 days.

**{¶ 3}** After announcing Tharp's sentence, the trial court provided Tharp with paperwork advising him that he could get a warrant block on his driver's license if he failed to pay the fine and court costs within 30 days. In light of this information, Tharp refused to sign the paperwork and said he "didn't * * * understand the situation" concerning his driver's license. Trans. (Nov. 12, 2019), p. 10. The trial court thereafter explained the warrant block to Tharp. Tharp then expressed his concern that he would not be able to timely pay the amount owed due to being unemployed and having other financial difficulties. After Tharp and the trial court discussed the matter at length, the trial court reduced Tharp's fine to $5.

**{¶ 4}** At the end of the sentencing proceeding, the trial court gave Tharp additional

paperwork to provide to the probation department. Upon receiving the paperwork, Tharp expressed confusion about being on probation, and asked the trial court: "[Y]ou mean, I report to probation? * * *It says a years [sic] probation. Does that mean, I'm like regular[ly] coming in here—[?]" *Id.* at 16-17. In response, the trial court advised Tharp that the 40 hours of community service had to be completed through the probation department and that he would be released from probation once he completed his community service. After discussing the matter, Tharp indicated his understanding of the trial court's advisements.

{¶ 5} Tharp now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 6} Tharp contends that he did not knowingly, intelligently, and voluntarily enter his no contest plea to littering because he did not understand the possible sentence that could be imposed. Specifically, Tharp claims that prior to entering his no contest plea, he did not know: (1) his driver's license could be subject to a warrant block if he failed to timely pay the court-ordered fines and costs; and (2) the trial court could impose probation. Tharp's claims lack merit.

{¶ 7} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, __ N.E.3d __, ¶ 11. Those procedures vary based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Howard*, 2d Dist. Montgomery No. 27941, 2018-Ohio-5160, ¶ 17, citing *State v.*

*Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11. (Other citation omitted.) A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is "a misdemeanor other than a serious offense." Crim.R. 2(D).

{¶ 8} As noted above, Tharp pled no contest to littering, a misdemeanor of the third degree. Pursuant to R.C. 2929.24(A)(3), a third-degree misdemeanor is punishable by not more than 60 days in jail. Therefore, Tharp's littering offense was a "petty offense."

{¶ 9} For a "petty offense" misdemeanor, Crim.R. 11(E) only requires the trial court to inform the defendant of the effect of the plea that is entered. *Jones* at ¶ 14 and ¶ 20; Crim.R. 11(E). "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at ¶ 25. Crim.R. 11(B)(2) governs the effect of a no contest plea and provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, before accepting the plea, the trial court must inform the defendant of the appropriate language in Crim.R. 11(B) either orally or in writing. *Jones* at ¶ 51.

{¶ 10} The record of the plea hearing establishes that the trial court informed Tharp of the appropriate language in Crim.R. 11(B)(2) before Tharp entered his no contest plea. Specifically, the trial court stated the following:

Court:     And do you understand that a no contest plea is not an

admission of guilt, but you're not contesting the facts in the complaint and that plea cannot be used against you in a later civil or criminal action that could arise out of this. You are still giving up your right to trial and trial by jury. You will also not be able to cross-examine witnesses or present defenses by pleading, and you've had the opportunity to review and sign the plea and waiver form, is that correct?

Defendant: Yes, your honor.

Trans. (Nov. 12, 2019), p. 3.

{¶ 11} The plea and waiver form signed by Tharp also included the effect-of-plea language from Crim.R. 11(B)(2), as it stated the following:

A plea of No Contest is not an admission of my guilt, but is an admission of the truth of the facts alleged against me in the complaint and permits the court to make a finding of guilty or not guilty. This plea/admission cannot be used against me in any future civil or criminal proceedings.

Plea and Waiver of Rights (Nov. 14, 2019.)

{¶ 12} Although Tharp does not dispute that the trial court made the proper advisement under Crim.R. 11(B)(2), he argues that to understand the effect of his plea, the trial court was required to ensure that he understood the possible sentence that could be imposed. Tharp claims that he did not understand his possible sentence because, prior to pleading no contest, he did not know: (1) his driver's license could be subject to a warrant block if he failed to timely pay court-ordered fines and costs; and (2) the trial court could impose probation. Tharp's argument lacks merit.

{¶ 13} "There is no requirement in Crim. R. 11(B) that the trial court advise a defendant entering a no contest plea to a petty offense of * * * the potential penalties." *State v. Songer*, 5th Dist. Richland No. 01CA82, 2002 WL 1274181, *3 (May 30, 2002). The Supreme Court of Ohio has explained that a statement about the effect of a plea is separate from a statement relating to the possible penalty. *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677 at ¶ 22. Accordingly, the "potential penalties are not part of the 'effect' of a no contest plea." *Songer* at *3. *Accord Cleveland v. Jones-McFarlane*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662, ¶ 22 ("Crim.R. 11(E) does not require that a defendant be informed of the possible sentences of a plea"); *State v. Higby*, 9th Dist. Wayne No. 10CA0054, 2011-Ohio-4996, ¶ 6 ("[u]nder Criminal Rule 11(E), the municipal court was not required to tell Mr. Higby about the potential penalties he faced or that his sentences could run consecutively before accepting his no-contest plea"); *State v. Griffith*, 10th Dist. Franklin No. 10AP-94, 2010-Ohio-5556, ¶ 7-13 (failure to inform defendant of potential penalties of a petty misdemeanor did not violate Crim.R. 11(E)).

{¶ 14} Because the trial court was only required to inform Tharp of the effect of his no contest plea, and because the record establishes that the trial court informed Tharp of the appropriate language under Crim.R. 11(B)(2) when doing so, we find that Tharp's no contest plea was knowingly, intelligently, and voluntarily entered.

{¶ 15} Tharp's sole assignment of error is overruled.

## Conclusion

{¶ 16} Having overruled Tharp's assignment of error, the judgment of the trial court

is affirmed.


. . . . . . . . . . . . .



FROELICH, J. and HALL, J., concur.



Copies sent to:

Matthew Kortjohn
Sean Brinkman
Hon. Deirdre E. Logan