[Cite as *Cleveland v. Tittl*, 2017-Ohio-9156.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105193**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## JULIE TITTL

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRC 030615

**BEFORE:** Keough, A.J., E.T. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:   Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Gina Villa
Assistant City Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Julie Tittl ("Tittl"), appeals her conviction following a no contest plea. For the reasons that follow, we reverse her conviction and remand for further proceedings.

{¶2} In September 2016, the police responded to the area of Fulton Road and Sackett Avenue after receiving a tip about an erratic driver. When the officers arrived, they found Tittl's car parked in the parking lot of Fulton Beverage. Tittl exited the store and after being questioned, refused to submit to a chemical test; the record is unclear whether field sobriety tests were performed. However, the record indicates that Tittl had "glossy eyes, slurred speech," which was the basis for arresting and charging her with operating a motor vehicle while under the influence of drugs and/or alcohol ("OVI"). Following discovery, Tittl filed a motion to suppress, contending that the arresting officers lacked probable cause to arrest her for OVI.

{¶3} On October 20, 2016, Tittl formally withdrew her motion to suppress, and the city amended the OVI charge to physical control of a motor vehicle in violation of Cleveland Codified Ordinances 433.011 ("physical control"), a misdemeanor of the first degree. Defense counsel then stated:

> DEFENSE COUNSEL: Basically we'll enter a plea of no contest to [p]hysical [c]ontrol, stipulate to a finding of guilty and request also that the ALS suspension be terminated, that it be reflected on the journal entry so my client can get her license back. And as the City stated, there are no priors, no accident.

(Tr. 4.)   The trial court then inquired about the facts surrounding the encounter.   After hearing from Tittl, the court imposed the following sentence:

> THE COURT:   Okay.   I'm going to terminate the ALS.   Fined a thousand dollars, 180 days.   I'll suspend the days suspend 750 dollars of the fine.   Six months inactive probation.   Don't pick up anything else, okay.   Good-bye.

(Tr. 7.)   Tittl requested community service in lieu of the fine, but the trial court requested that she file a formal motion after she completed a poverty affidavit.

{¶4} On November 3, 2016, Tittl moved to withdraw her no contest plea.   That motion was renewed on November 17.   Despite the filings, the trial court did not rule on the motions.   Tittl timely appealed from the judgment entry of conviction, and this court granted a stay of execution of sentence pending appeal.   Subsequently, this court remanded the case back to the trial court for the limited purpose of ruling on Tittl's motions to withdraw her plea.   The trial court denied her motions.

{¶5} In her sole assignment of error, Tittl contends that the trial court erred in failing to personally inform her of the effect of her no contest plea.   We agree.   A trial court's obligations in accepting a plea depends on the level of the offense to which the defendant is pleading.   *N. Royalton v. Semenchuk*, 8th Dist. Cuyahoga No. 95357, 2010-Ohio-6197, ¶ 7, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25.

{¶6} Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than  a serious offense."   A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."   Crim.R.

2(C). Tittl pled no contest to physical control, a misdemeanor of the first degree, punishable by a maximum sentence of six months. R.C. 2929.24(A)(1). Thus, physical control is a petty offense.

{¶7} Pleas for petty offenses are governed by Crim.R. 11(E). In accepting pleas for petty offenses, a trial court is only required to advise the defendant, either orally or in writing, of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus, and ¶ 23.

{¶8} Crim.R. 11(B)(2), regarding the effect of a no contest plea, states that "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Thus, the trial court in this case was required to advise Tittl, either orally or in writing, and prior to accepting her no contest plea, of the language contained in Crim.R. 11(B)(2). *Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 17, citing *Jones* at ¶ 23; *see also* Traf.R. 10(B).

{¶9} To determine whether the trial court complied with Crim.R. 11(B)(2), we look to the record. In this case, the record before this court clearly shows that the trial court did not advise Tittl of the effect of her no contest plea. The city concedes this fact, but maintains that Tittl was advised on at least three separate occasions of her Crim.R. 11 rights. However, the record provided to this court does not indicate that Tittl was ever advised of any Crim.R. 11 rights prior to changing her plea, including the effect of her

plea.   Moreover, at no time did Tittl actually enter a plea of contest; rather, her attorney orally entered the no contest plea on her behalf.   The trial court did not question Tittl to affirm that she was pleading no contest or that she understood the terms of the plea agreement prior to imposing the sentence.

{¶10} Accordingly, the trial court erred in failing to comply with Crim.R. 11(B) and Traf.R. 10(B).   Tittl's assignment of error is sustained.

{¶11} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR