[Cite as *Cleveland v. Collins*, 2019-Ohio-3280.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,  :

    Plaintiff-Appellee,  :

                                 No. 107814

    v.  :

JAWAN COLLINS,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** August 15, 2019

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2018 CRB 011497

---

### *Appearances:*

Barbara A. Langhenry, City of Cleveland Director of Law, and Kortney S. Mosley, Assistant Director of Law, *for appellee.*

Rick L. Ferrara, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Jawan Collins ("appellant") appeals his conviction for "failure to comply with an order of the Cleveland Building Department" in violation of Section 3103.25(e) of the Cleveland Codified Ordinances ("C.C.O. 3103.25(e)"), a

misdemeanor of the first degree. He argues that the trial court erred by accepting his "no contest" plea because he was not served with the violation notice for the subject property and the city's explanation of circumstances did not demonstrate that he received proper notice. The city of Cleveland ("the City") has withdrawn its merit brief and conceded the error, which is evident in the record. We reverse the trial court's judgment and vacate appellant's conviction and sentence.

{¶ 2} On July 13, 2018, a complaint was filed against David Collins, who is related to appellant,[1] for violating C.C.O. 3103.25(e), which provides as follows:

> No person shall refuse, neglect or fail to comply with any stop work order issued under the provisions of this Building Code; nor refuse, neglect or fail to comply with a notice to repair, rehabilitate or demolish a building or other structure declared to be unsafe under the provisions of this Building Code; nor refuse, neglect or fail to comply with a notice requiring the abatement or removal of a violation or requiring compliance with any provision of this Building Code or any rule or regulation thereunder within the time limit set forth in such notice; nor maintain a use or occupancy prohibited by this Building Code; nor refuse, neglect or fail to maintain stair enclosures, stairways, fire escapes, exit passageways or other required means of egress in a safe and usable condition as required by OBC or this Building Code.

{¶ 3} The complaint alleged that "DAVID COLLINS, [as] the owner or person in control" of the identified single-family residence "did refuse, neglect, or fail to comply with a notice * * * requiring the abatement or removal of a violation or requiring compliance with any provision of the Cleveland Building Code or any rule or regulation thereunder within the time limit set forth[.]" Each day of noncompliance constituted a separate offense. Attached to the complaint was a copy

---

[1] It appears David Collins is either appellant's brother or cousin.

of the notice of violation that was issued to David Collins and a copy of a deed showing David Collins owned the property. The notice identified exterior maintenance violations and required all violations to be corrected by the compliance date of June 2, 2018.

{¶ 4} At the arraignment, the City moved to amend the complaint to name appellant as the defendant in the case, appellant consented to the amendment, and the trial court granted the motion. Appellant proceeded to enter a plea of no contest.

{¶ 5} The City then placed the following proffer on the record:

On May 1st, 2018, the city inspected [the identified property] and found exterior maintenance violations. A violation notice was issued on May 3rd, 2018. The city proffers the deed as proof of ownership, signed green card as proof of service, as well as the photographs taken on the reinspection date of June 2nd, 2018, finding that the property was out of compliance for 23 days. To date, the property has been brought into compliance according to the inspector.

{¶ 6} Appellant informed the trial court that he did not receive the notice; that he believed the property was in compliance; and that had he received the notice, the violations would have been taken care of right away. He also indicated that he had been going to the property weekly to cut the grass and maintain the home.

{¶ 7} The trial court proceeded to make a finding of guilt. At sentencing, the trial court imposed five years of active community control with a number of terms and conditions, along with ordering 200 hours of community work service.

{¶ 8} Appellant timely filed this appeal. Under his sole assignment of error, he claims the trial court erred by entering a finding of guilt on his plea of no contest

because there was not a sufficient explanation of circumstances or explicit reference to a written record.

{¶ 9} Appellant argues that where there is a plea of no contest to a misdemeanor offense, R.C. 2937.07 requires an explanation of circumstances of the offense or else the trial court must explain what circumstances give rise to the finding of guilt. Appellant claims that there was no explanation of circumstances on the record that met all elements of the offense, in that there is no evidence to show that appellant ever received notice of the violations so that he could comply. He states that the prosecutor's statement prior to the finding of guilt "did not include that Jawan Collins received notice of the problems, or performed or failed to perform any act whatsoever." Appellant also contends that the trial court did not refer to anything in the record to support its finding of guilt.

{¶ 10} R.C. 2937.07 provides that when an accused pleads "no contest" to a misdemeanor offense, the plea "shall constitute an admission of the truth of the facts alleged in the complaint" and the judge "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The Supreme Court of Ohio has determined that the requirement for an explanation of circumstances "is a procedural protection" accorded by R.C. 2937.07. *Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 19. As the Supreme Court recognized, "both Crim.R. 11 and the current version of R.C. 2937.07 make clear, a plea of no contest is an admission by the defendant to the facts alleged in the complaint. In the ordinary case—that is, when the complaint properly alleges the elements of a

crime—such an admission provides sufficient evidence for a conviction." *Id.* at ¶ 17. "Thus, the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty *when the facts of the case do not rise to the level of a criminal violation.*" (Emphasis added.) *Id.* at ¶ 20.

{¶ 11} In this case, the uncontested facts do not rise to the level of a criminal violation. The complaint alleged a failure to comply with a notice of violations that was sent to "David Collins." The City's explanation of circumstances did not demonstrate that proper notice was ever issued to appellant, and the City has conceded the error on appeal. We are cognizant that the trial judge in this instance did not have the benefit of the *Giordano* decision at the time of the plea, but we have to follow the precedent of the Supreme Court of Ohio. Accordingly, we reverse the trial court's judgment and vacate appellant's conviction and sentence.

{¶ 12} Judgment reversed; conviction and sentence vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR