[Cite as *Maples Hts. v. Mohammad*, 2019-Ohio-4577.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF MAPLE HEIGHTS,      :

    Plaintiff-Appellee,      :

                             No. 108060

    v.      :

RASHID MOHAMMAD,      :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 7, 2019

---

Criminal Appeal from the Garfield Heights Municipal Court
Case No. CRB 1802301

---

### *Appearances:*

Consolo Law Firm Co., L.P.A., Frank Consolo, City of Maple Heights Law Director, and Horace F. Consolo, *for appellee.*

Rashid Mohammad, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Rashid Mohammad, pro se, appeals from his conviction following a no contest plea for misdemeanor building code violations under Chapter 1490 of the Maple Heights Codified Ordinances. Because we find the

record does not demonstrate that Mohammad was properly advised of his Crim.R. 11 rights, we reverse the judgment and vacate the conviction.

Procedural History and Substantive Facts

{¶ 2} On October 22, 2018, the city of Maple Heights filed a complaint against Mohammad for several building code violations under Maple Heights Codified Ordinances 1490 et seq. The complaint concerned violations on Eastwood Avenue property, including inoperable plumbing; damaged flooring, walls, and ceiling; inoperable windows; and garage and parking disrepairs that occurred on or about September 14, 2017.

{¶ 3} On December 17, 2018, the court held a hearing on the matter. At the onset of the hearing, Mohammad indicated that he wished to plead no contest. At the prosecutor's request, an individual from the building department identified as Ms. King read the 25 violations into the record. Thereafter, what transpired was a somewhat perplexing hearing where multiple people, sometimes identified in the transcript as "speaker," presented information that was oftentimes noted on the transcript as "unintelligible." The individuals addressed previous cases as well as current violations, resulting in the trial judge expressing confusion.

{¶ 4} Nonetheless, what we have discerned from the transcript is that Mohammad was the property manager at the time of the violations, not the owner. His counsel stated that Mohammad "I guess * * * admits that there are, in fact, the

violations."[1]  Counsel also advised the court that he learned from his client that Mohammad obtained quotes to make the necessary repairs and had relayed this information to the owner, but the owner "just didn't want to pay."  According to counsel, "there is money in escrow waiting, but the contractors want money upfront," and Mohammad asserted that he "can't front the money [to a contractor] for a property [he doesn't] own."  When the court asked Mohammad why he did not walk away from the job when the owner refused to make the repairs, Mohammad advised the court that he did and the owner has hired a new property manager.  A speaker, presumably the prosecutor, asserted that Mohammad has claimed on more than one occasion that he was no longer the property manager, that Mohammad promised documentation regarding his status as property manager, and that Mohammad "has refused to take responsibility for any of the conditions on the property."

{¶ 5}  At some point during the hearing, the owner of the property came forward and identified himself.  He acknowledged that the violations existed and stated that he "take[s] full responsibility."  He also advised the court that (1) he had hired a contractor, who would begin making the necessary repairs on December 20, 2018; and (2) Mohammad was no longer the property manager.  Mohammad then attempted to explain to the court that two of the violations were invalid, stating that

---

[1]Although not part of the record, we note that during the oral argument, Mohammad advised the panel that his trial counsel was provided by the owner of the property and Mohammad had not retained counsel himself.

he registered the rental property in accordance with the city ordinances and the violation concerning the parking lot was improper because the parking lot is leased.

{¶ 6} The court then immediately proceeded to sentencing, without finding Mohammad guilty, and stated as follows:

> Mr. Mohammad, this is what we're going to do: Your fine is going to be $500 [and] costs. You have until January 28, 2019, to do all the repairs. If you are not able to do it, he'd better get it done by January 28, because somebody is going to jail. So it's either going to be you, sir, or him [presumably the owner of the property].

{¶ 7} Mohammad now appeals.

No Contest Plea

{¶ 8} In his sole assignment of error, Mohammad contends that the trial court "erred in granting appellee's demand for fixing building violation[s]." Mohammad essentially disputes the facts supporting the offenses. Specifically, he asserts that there are "made up lists" of violations that contain different dates and are "very confusing"; 17 of the 25 violations had been repaired prior to the date of the hearing; he is not the owner of the property; and the city was aware that Mohammad was no longer "manager on record" for the property at issue. Plaintiff-appellee, city of Maple Heights, contends that Mohammad's appeal is without merit because the appeal challenges the sufficiency of the facts of the underlying charge to which Mohammad entered a plea of no contest.

{¶ 9} Mohammad pleaded no contest to the failure to comply with numerous building and house code violations, which are first-degree misdemeanors, punishable by a maximum sentence of six months.

R.C. 2929.24(A)(1). Because the maximum confinement is six months, the failure to comply is a petty offense. *See Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 14, citing Crim.R. 2(C) and 2(D) (defining a petty offense).

{¶ 10} Crim.R. 11(E) governs pleas entered in petty offense cases, such as this case. "In misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). Thus, a trial court must "advise the defendant, either orally or in writing, of the effect of the specific plea being entered." *Cleveland v. Tittl*, 8th Dist. Cuyahoga No. 105193, 2017-Ohio-9156, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus and ¶ 23.

{¶ 11} As stated in Crim.R. 11(B)(2), concerning the "effect of" a no contest plea, "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." The trial court must therefore advise an offender, either orally or in writing, and prior to accepting the individual's no contest plea, of the language contained in Crim.R. 11(B)(2). *Bollin-Booth* at ¶ 17, citing *Jones* at ¶ 23. And we look to the record to determine whether the trial court complied with Crim.R. 11(B)(2). *Tittl* at ¶ 9.

{¶ 12} Additionally, R.C. 2937.07 provides that when an accused pleads no contest to a misdemeanor offense, the plea "shall constitute an admission of the truth of the facts alleged in the complaint" and the judge or magistrate "may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." As the Supreme Court noted, "both Crim.R. 11 and the current version of R.C. 2937.07 make clear, a plea of no contest is an admission by the defendant to the facts alleged in the complaint. In the ordinary case — that is, when the complaint properly alleges the elements of a crime — such an admission provides sufficient evidence for a conviction." *Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 17; *Cleveland v. Collins*, 8th Dist. Cuyahoga No. 107814, 2019-Ohio-3280, ¶ 10.

{¶ 13} Here, defense counsel advised the court that the parties had reached a resolution and the prosecutor advised the court that Mohammad will be entering a plea. Thereafter, the following discourse transpired:

| | |
|---|---|
| Court: | A plea of no contest? |
| Counsel: | Yes, your Honor. |
| Court: | Okay. Mr. Mohammad, then the charge is a building code violation. It carries a penalty of up to six months in jail, up to $1,000 fine. |
| | If you plead no contest, you'll be convicted. I'll listen to what everyone has to say. Then you'll be sentenced, and your case will be over today. |
| | If you disagree with that, we'll set this for trial. And Mr. — well, it is set for trial. |
| Counsel: | It is set for trial, yes, so we'll proceed. |
| Court: | We'll proceed to trial. So do you want to plea[d] no contest, or got to trial? |
| Mohammad: | No contest. |
| Court: | Pardon? |

Mohammad: (Unintelligible.)

Court: Well, but you'd have to agree that — are you — Mr. Mohammad, do you believe that these building code violations exist?

Mohammad: I'm sorry?

Court: Yes, that they're there, that there are truly building code violations?

Mohammad: Yes. (Unintelligible.)

Court: Okay. And they haven't been repaired, so I'll accept that plea. I'm going to ask you to sign this form that says that, and then I'm going to listen to everybody here.

{¶ 14} The record contains a "Change of Plea" form and a "Statement of Rights." The Change of Plea form, which includes a statement acknowledging that the accused understands the constitutional rights he is waiving, as explained by the court, and knowingly enters a plea, is signed by Mohammad and dated December 17, 2018, the date of the hearing. The Statement of Rights, however, which contains its own signature line under the acknowledgment that the accused has read and understands his rights and that the same were explained to him in open court, bears no signature or date; rather, it is completely blank. This document contains the pertinent Crim.R. 11(B)(2) language that "a plea of no contest is not an admission of my guilt as charged, but is an admission of the truth of the facts alleged in the complaint and that such plea cannot be used against me in any future civil or criminal proceedings."

{¶ 15} We cannot presume that Mohammad saw, much less read, the "Statement of Rights" or the Crim.R. 11(B)(2) language contained therein, especially since the trial court referenced only one form in its request that Mohammad "sign

this form that says that," and Mohammad in fact signed one form — the change of plea. And although the court asks Mohammad, "Do you believe these building code violations exist * * * that there are truly building code violations," the court does not explicitly advise Mohammad at the hearing prior to accepting his plea that his no contest plea "shall constitute an admission of the truth of the facts alleged in the complaint" or that his "plea or admission shall not be used against [him] in any subsequent civil or criminal proceedings."

{¶ 16} Based on the foregoing record, we cannot find the trial court advised Mohammad of the effect of his no contest plea under Crim.R. 11(B)(2). We therefore vacate his conviction and sentence. *Cleveland v. O'Donnell*, 2018-Ohio-390, 106 N.E.3d 192, ¶ 12 (8th Dist.) (finding a trial court's failure to make any mention of the Crim.R. 11(B)(2) language regarding the effect of a no contest plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E), requiring the plea to be vacated); *see also Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815 (finding that a trial court abuses its discretion and commits reversible error in denying a defendant's motion to withdraw his petty misdemeanor no contest plea where he did not file a direct appeal, but the record of the plea hearing shows that the defendant was not advised of the effect of his plea).

{¶ 17} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR