[Cite as *Parma v. Jakupca*, 2020-Ohio-4918.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF PARMA,                                    :

    Plaintiff-Appellee,                    :

                              No. 109124

    v.                                                    :

DOUGLAS JAKUPCA,                          :

    Defendant-Appellant.              :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 15, 2020

Criminal Appeal from the Parma Municipal Court
Case No. 19-TRC-09820

***Appearances:***

Timothy G. Dobeck, Law Director/Chief Prosecutor, City of Parma, and Michael P. Maloney, Assistant Law Director, *for appellee.*

Patituce & Associates, L.L.C., Joseph C. Patituce, and Megan M. Patituce, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Douglas Jakupca, appeals his convictions and the trial court's denial of his motion to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶ 2} In July 2019, Jakupca was charged with operating a vehicle while under the influence of drugs or alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a) and (h); reckless operation in violation of Parma Codified Ordinances ("Parma Ord.") 333.02; and squealing tires in violation of Parma Ord. 331.37.  On August 27, 2019, Jakupca pleaded guilty to one count of OVI, in violation of R.C. 4511.19(A)(1)(a), and squealing tires.  The city dismissed the other charges, including a companion open container offense charged in Parma M.C. No. 2019CRB03191.  The court continued the matter for sentencing and ordered a presentence investigation report.

{¶ 3} At sentencing, the trial court reviewed Jakupca's criminal history, including noting that he had seven prior OVI-related offenses.  For the OVI offense, the trial court sentenced Jakupca to (1) 180 days in jail, with 100 days suspended; (2) a $1,000 fine, with $250 suspended; and (3) court costs.  The court also suspended his driver's license for five years, and ordered that he serve 36 months of probation where he would receive an alcohol assessment and participate with all treatment recommendations.  The court further ordered that following his release from jail, Jakupca would be monitored with an alcohol monitoring device for 90 days.  The trial court denied his request for house arrest in lieu of serving 80 days in jail.  For the squealing tires offense, the court suspended the $100 fine imposed.

{¶ 4} On October 1, 2019, Jakupca moved the court to stay his sentence and withdraw his plea.  In his motion to withdraw, Jakupca contended that he "was not fully advised of the evidence against him nor was he fully aware of the consequences

of his plea." He also claimed that he relied on the assurance of counsel about the sentence he would receive. Both motions were summarily denied.

{¶ 5} Jakupca now appeals, raising two assignments of error.

## I. Crim.R. 11 Advisements

{¶ 6} In his first assignment of error, Jakupca contends that his plea is invalid because the trial court did not strictly comply with Crim.R. 11 by failing to advise him about (1) his right to a jury trial; (2) his right not to testify; and (3) the effect of his plea.

{¶ 7} Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *see* Crim.R. 2 (defining classifications of offenses). A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense" is a misdemeanor other than a serious offense. Crim.R. 2(D); *Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 14.

{¶ 8} Jakupca was charged with OVI, which pursuant to R.C. 4511.19(A) may be a "petty offense" misdemeanor, a "serious offense" misdemeanor, or a felony, depending on the test results or the number and timing of any prior OVI convictions. This was Jakupca's second OVI offense in ten years; accordingly, his offense is a first-degree misdemeanor, punishable by a maximum sentence of six months. R.C.

2929.24(A)(1). Because the maximum confinement is six months, his OVI offense is a petty misdemeanor offense.

{¶ 9} Crim.R. 11(E) governs pleas entered in petty offense cases. "In misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). Thus, a trial court must "advise the defendant, either orally or in writing, of the effect of the specific plea being entered." *Cleveland v. Tittl*, 8th Dist. Cuyahoga No. 105193, 2017-Ohio-9156, ¶ 7, citing *Jones* at paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at paragraph two of the syllabus. Under Crim.R. 11(B)(1), the effect of a guilty plea is that "the plea of guilty is a complete admission of the defendant's guilt." Therefore, because Jakupca entered a plea to a petty offense, the trial court needed to inform Jakupca that his guilty plea was a complete admission of his guilt.

{¶ 10} The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore subject to review for substantial compliance. *Cleveland v. Clifford*, 8th Dist. Cuyahoga No. 108822, 2020-Ohio-3803, ¶ 14, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under the substantial-compliance standard, we review the totality of circumstances surrounding Jakupca's plea to determine whether he subjectively understood that a guilty plea is a complete admission of guilt. *Id.*

{¶ 11} The failure to adequately comply with an advisement of a nonconstitutional right, such as the information contained in Crim.R. 11(B)(1), will not invalidate a plea unless the defendant suffered prejudice. *Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 52, citing *Griggs* at ¶ 12; *compare Cleveland v. Jones-McFarlane*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662 (no prejudice analysis required when trial court completely fails to advise defendant regarding any Crim.R. 11 rights prior to accepting her plea to a petty offense). The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Additionally, where a defendant has entered a guilty plea without asserting actual innocence, he is presumed to understand that he has completely admitted his guilt and the trial court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. *Griggs* at ¶ 19.

{¶ 12} In this case, we find that the trial court substantially complied with its obligations under Crim.R. 11. During the plea colloquy the trial court personally addressed Jakupca and restated the city's offer that upon his *plea* to one count of OVI and the squealing tires offense, the city would dismiss the other count of OVI and the reckless operation offense. Jakupca stated that he understood the plea agreement. The court told Jakupca that before it could accept his plea, it had to ask him some questions, including whether he "under[stood] that *by entering your admission* today you are giving up your right to go to trial, to cross-examine witnesses, to summon or subpoena your own witnesses, and to testify on your own

behalf if you chose to testify." (Emphasis added.) Jakupca stated that he understood the rights that he was waiving. Following the advisement of the maximum penalties involved and whether he wished to speak with his attorney before entering his plea, Jakupca pleaded "guilty" to the offenses.

{¶ 13} Although the trial court did not recite the exact language of Crim.R. 11(B)(1) — that his guilty plea "is a complete admission" of guilt — the totality of the circumstances reveal that Jakupca subjectively understood the effect and implications of his plea — that he was admitting guilt of the OVI and squealing tires offenses.

{¶ 14} Moreover, at the time of the plea, when he filed his motion to withdraw his plea, and now on appeal, Jakupca has not asserted an actual innocence claim. Accordingly, it is presumed that he understood that his guilty plea was a complete admission of his guilt, and it is equally presumed that he was not prejudiced by the trial court's failure to strictly advise him of the effect of his guilty plea.

{¶ 15} Finally, we note that when Jakupca sought to withdraw his plea, he did not assert in his motion that he did not understand the "effect of his plea," but that he did not understand the "consequences of his plea." In his motion, the "consequences" he complains of clearly reference the sentence the court imposed, not that he did not understand that his plea was a complete admission of his guilt. As the Ohio Supreme Court has explained, the "effect" of the plea is different from the "consequences or sentence" of the plea. *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 22 (a statement about the effect of a plea is separate from

statements relating to a maximum penalty). Accordingly, we find that Jakupca's appeal centers around his dissatisfaction with the sentence imposed, not his misunderstanding of his guilty plea or the trial court's purported errors.

{¶ 16} Jakupca's challenge that his plea is also invalid because the trial court did not advise him of his rights to a jury trial and to not testify is without merit. Those advisements only pertain to individuals who plead guilty to felony offenses. *See* Crim.R. 11(C)(2) (before accepting a guilty plea in a felony case, the court must inform the defendant of the (1) nature of the charge, (2) the maximum penalty that could be imposed, (3) the effect of his plea, and (4) that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses). Because Jakupca pleaded guilty to a petty misdemeanor offense, these felony plea advisements were not required.

{¶ 17} Accordingly, we find that the trial court complied with Crim.R. 11. Jakupca's first assignment of error is overruled.

## II. Effective Assistance of Counsel

{¶ 18} In his second assignment of error, Jakupca contends that the "[t]rial court erred when it denied [his] motion to withdraw his guilty plea because of manifest injustice caused by counsel's failures." Specifically, he contends that because trial counsel misinformed him of the sentence that he would receive, and failed to advise him of the evidence against him, including the strengths and weaknesses of his case, he did not enter a knowing, intelligent, or voluntary plea.

{¶ 19} A Crim.R. 32.1 post-sentence motion to withdraw a guilty plea is subject to a manifest injustice standard. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} To prevail on his claim that he should have been permitted to withdraw his plea because he received ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient, and that there was a reasonable probability that, but for his counsel's error, he would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), citing Strickland *v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 21} Jakupca contends that counsel misadvised him that he would receive a five-day jail sentence with house arrest. "An attorney's mere inaccurate prediction of a defendant's sentence does not constitute ineffective assistance of counsel." *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 32 (8th Dist.). When an attorney makes a good faith but mistaken prediction of a sentence, it does not justify a withdrawal of a plea unless evidence is presented that the prosecution induced an

expectation of leniency or of a certain sentence. *Id.*, citing *State v. Salley*, 10th Dist. Franklin No. 80AP-850, 1981 Ohio App. LEXIS 10295, 10-11 (June 11, 1981).

{¶ 22} Even assuming that counsel mistakenly predicted that Jakupca would receive the mandatory minimum jail sentence and house arrest confinement option, the trial court expressly stated during the plea colloquy that because this OVI offense was Jakupca's second in ten years, he was facing "10 days in jail, up to six months in jail." (Sentencing Hearing, tr. 3.) He said that he understood this penalty. Although house arrest could have been permissible after a five-day jail sentence, the court at no time advised Jakupca of the possibility of house arrest. If Jakupca misunderstood the court's jail advisement, he could have presented the issue to the court and counsel when the court gave him an opportunity to discuss any issues with counsel before rendering his guilty plea. Instead, the record reflects that Jakupca only questioned his counsel and the court about driving privileges and vehicle immobilization prior to his plea.

{¶ 23} Jakupca also contends that his counsel was ineffective for failing to advise him of the evidence against him, including the strengths and weaknesses of his case. We note that Jakupca appeared with different counsel for sentencing than when he entered his guilty plea. Had Jakupca believed that counsel rendered inaccurate advice or that he did not understand the evidence or charges against him, Jakupca could have moved to withdraw his plea prior to sentencing when he appeared with new counsel. Moreover, the record reflects that Jakupca's initial counsel was able to achieve a plea deal where the city would dismiss the more serious

OVI offense — the offense charging him with the high breath test result, which would have subjected him to even greater penalties. This negotiation reveals that counsel did more than "merely execute[] a few perfunctory duties," as alleged by Jakupca.

{¶ 24} We find no manifest injustice or abuse of discretion by the trial court. Nothing in the record reveals a deficiency in counsel's performance or that Jakupca suffered prejudice by counsel's performance. Even if counsel's educated guess on the sentence that Jakupca would receive was deficient, Jakupca cannot show prejudice when the trial court clearly informed him of the maximum penalty that could be imposed. Rather, the record reveals that Jakupca had a "change of heart" after learning the length of his jail sentence. *See State v. Mathis*, 8th Dist. Cuyahoga No. 100342, 2014-Ohio-1841, ¶ 23 (a defendant's change of heart is insufficient to demonstrate manifest injustice, particularly when based on dissatisfaction of the sentence imposed).

{¶ 25} Accordingly, Jakupca's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR