[Cite as *Cleveland v. Martin*, 2023-Ohio-448.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,  :

    Plaintiff-Appellee,  :

                       No. 111495

    v.  :

DAISELLE A. MARTIN,  :

    Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021-CRB-008265

---

### *Appearances:*

Mark Griffin, City of Cleveland Director of Law, and Susan
M. Oates, Assistant City Prosecutor, *for appellee.*

Michael P. Maloney, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Daiselle Martin, appeals her conviction, which was rendered after pleading guilty to attempted telecommunications harassment, a second-degree misdemeanor. Finding merit to her appeal, we vacate her guilty plea.

## I. Procedural History

{¶ 2} In 2022, Martin was charged in Cleveland Municipal Court with aggravated menacing, in violation of Cleveland Codified Ordinances 621.06 and telecommunications harassment, in violation of Cleveland Codified Ordinances 621.10. On December 7, 2021, Martin pleaded guilty to one count of attempted telephone harassment. On February 2, 2022, Martin filed a presentence motion to withdraw her guilty plea, which the trial court granted. The court set the case for trial. On the day of trial and after trial had commenced, Martin decided to change her plea again. She pleaded guilty to attempted telecommunications harassment and the city dismissed the aggravated menacing charge. The trial court sentenced Martin to a suspended jail sentence and five years of probation.

{¶ 3} Martin appealed her conviction and raises the following assignment of error for our review:

Appellant's plea was not knowingly and intelligently made.

## II. Law and Analysis

{¶ 4} In her sole assignment of error, Martin contends that her guilty plea was not knowingly, intelligently, and voluntarily made. A defendant's plea in a criminal case must be made "knowingly, intelligently, and voluntarily" to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A plea that is not knowingly, intelligently, and voluntarily made is invalid. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10. Crim.R. 11, which outlines the procedures trial courts are to follow when accepting pleas, "'ensures an adequate record on

review by requiring the trial court to personally inform the defendant of his [or her] rights and the consequences of his [or her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975). This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 22.

## A. Trial court was not obligated to advise Martin she was pleading guilty to an enhanceable offense

{¶ 5} We first address Martin's argument that her plea was not knowingly, intelligently, and voluntarily made because the trial court did not inform her that she was pleading guilty to an enhanceable offense, i.e., an offense that if committed again would be charged as a higher degree offense. *See* Cleveland Codified Ordinances 621.10(c) ("A violation of division (A) * * * of this section is a misdemeanor of the first degree on a first offense and a felony of the fifth degree on each subsequent offense.").

{¶ 6} In *Conneaut v. Coleman*, 11th Dist. Ashtabula No. 2010-A-0062, 2011-Ohio-5099, the Eleventh Appellate District held that a trial court is not obligated to advise a defendant who enters a plea to a petty misdemeanor that the convictions that eventuate from that plea could be used to enhance a future charge of the same crime from a misdemeanor to a felony. *Id.* at ¶ 10. We agree with the reasoning in *Coleman*; the trial court in this case was not obligated to inform Martin that a

possible effect of her plea to misdemeanor attempted telephone harassment was a sentence enhancement for a future telephone harassment charge. "A trial court judge should not be required to anticipate recidivist behavior by a defendant who enters a guilty plea in that court." *State v. Southers*, 4th Dist. Pickaway No. 88 CA 10, 1988 Ohio App. LEXIS 4648, 4 (Nov. 23, 1988).[1]

### B. Compliance with Crim.R. 11

{¶ 7} Martin contends the trial court erred in failing to comply with Crim.R. 11(C), but Martin was charged with a petty offense as defined in Crim.R. 2(D); therefore, Crim.R. 11(E) applied to her plea hearing.[2] Crim.R. 11(E) provides that in misdemeanor cases involving petty offenses, the trial court shall not accept a guilty plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." A trial court advises a defendant of the "effect the plea" when the court advises the defendant of

---

[1] We do note that at the change-of-plea hearing the trial court incorrectly stated that telephone harassment was not an enhanceable offense:

> I will dismiss, in its entirety, the aggravated menacing, which does carry with it, ma'am, what's called enhanced and effect. [sic] So, in the same way that once you have a domestic violence conviction, if there was a second domestic violence it would become a felony and the penalties would be enhanced or increased. That is the same with the aggravated menacing. As it relates to the telephone harassment, that is not the case.

[2] Martin pleaded guilty to a second-degree misdemeanor, punishable to up to 90 days in jail. Misdemeanors having a penalty of six months or less are considered "petty offenses." Crim.R. 2(D).

the appropriate language under Crim.R. 11(B). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus; *see also Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 24-25. Crim.R. 11(B)(1) states, "[T]he plea of guilty is a complete admission of the defendant's guilt." Therefore, the trial court was obligated to inform Martin that her guilty plea was a complete admission of guilt.

{¶ 8} The city contends that, based on the totality of the circumstances, the trial court substantially complied with Crim.R. 11(E) in accepting Martin's guilty plea.

{¶ 9} "When a criminal defendant seeks to have his [or her] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that he [or she] was prejudiced by that error." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 13. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. "When a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 15. An exception to the prejudice requirement is where a trial court "completely fails" to comply with a portion of Crim.R. 11. *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 10} Although trial courts are not obligated to inform criminal defendants pleading guilty to petty misdemeanors of their constitutional rights, the courts are not relieved of every obligation. The trial court must still inform the defendant of the effect of his or her plea, using the language found in Crim.R. 11(B).

{¶ 11} Thus, post-*Dangler*, "when reviewing a trial court's compliance with Crim.R. 11, the inquiry no longer focuses on strict, substantial, or partial compliance with the rule." *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 12 (8th Dist.). As the Supreme Court of Ohio recognized in *Dangler*, prior caselaw had "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Id.*

{¶ 12} The *Dangler* Court distilled the analysis into three questions for courts to consider: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden? *Id.* at ¶ 17.

## C. Trial court's advisements

{¶ 13} At Martin's plea hearing, the trial court advised:

Court: [D]o you understand that by changing your plea today, you're going to be waiving the following rights.

First, the right to a jury trial or in this case to a bench trial, if you had wished.

The second, the right to confront the witnesses against you. * * * You would have been giving up your right to have witnesses subpoenaed to testify on your behalf; your right to have the prosecutor prove your guilt, beyond a reasonable doubt, at trial. And your right to remain silent and not have that silence held against you.

Is there anything else about those five trial rights you're giving up, that you do not understand?

Martin: No.

Court: And were any promises made to get you to enter into this plea arrangement, other than what's just been discussed in open Court and on the record?

Martin: No.

Court: Do you understand that by pleading guilty to a reduced charge, I can find you guilty and sentence you today?

Court: Yes.

Martin: Understanding all of your rights, haven spoken to [your attorney], and haven gone through a portion of this trial, is it now your desire to withdraw your formally entered not guilty plea * * * to the original charge of * * *, count two, Telephone Harassment. * * * If you wish to enter such a plea, ma'am, then you must say guilty to Attempted Telephone Harassment.

{¶ 14} The trial court did not state, either orally or in writing on the plea form, that Martin's guilty plea was "a complete admission of her guilt." Thus, in answer to the first query, the trial court did not comply with Crim.R. 11(E).

{¶ 15} Next, we consider whether the failure is of a type that excuses Martin from demonstrating prejudice, i.e., whether there was a complete failure to comply with the applicable portion of Crim.R. 11.

{¶ 16} In *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, the defendant pled no contest to contempt and driving under suspension, both of which are petty misdemeanors. This court found that the court did not comply with Crim.R. 11(E) when it failed to mention the language in Crim.R. 11(B)(2) regarding no contest pleas. The city argued that the trial court's omission was not reversible error because the defendant had failed to show prejudice. This court disagreed, finding that the court's failure was a complete failure to comply with the rule and, therefore, a prejudice analysis was unnecessary. *Id.* at ¶ 46. *See also Brecksville v. Grabowski*, 2017-Ohio-7885, 98 N.E.3d 919, ¶ 15 (8th Dist.), holding that a prejudice analysis was not necessary and plea must be vacated because the trial court failed to comply with Crim.R. 11(E) as it applied to defendant's no contest plea to a petty misdemeanor; *Maple Hts. v. Mohammad*, 8th Dist. Cuyahoga No. 108060, 2019-Ohio-4577 (same).[3]

{¶ 17} More recently, this court has found substantial compliance with Crim.R. 11. In *Cleveland v. Clifford*, 8th Dist. Cuyahoga No. 108822, 2020-Ohio-3803, the defendant pled guilty to aggravated trespass, a petty misdemeanor. This court found that the trial court substantially complied with Crim.R. 11 based on the totality of the circumstances. This court found that the defendant was unable to demonstrate prejudice because the trial court partially complied with Crim.R. 11 by informing the defendant of the nature of the charge, his right to go to trial, right to

---

[3] Pleas of no contest and pleas of guilty to petty misdemeanors are both governed by Crim.R. 11(E) requiring advisements under Crim.R. 11(B).

confront witnesses, the "right to have the prosecutor prove your guilt beyond a reasonable doubt," and right to remain silent, and "by pleading guilty I could make a finding of guilt." *Id.* at ¶ 16- 17.

{¶ 18} In *Parma v. Jakupca*, 8th Dist. Cuyahoga No. 109124, 2020-Ohio-4918, the defendant pleaded guilty to operating a vehicle while intoxicated, a petty misdemeanor. The trial court informed the defendant that he was giving up certain constitutional rights but did not tell him that his guilty plea was a complete admission of guilt. This court noted that "under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea to determine whether he subjectively understood that a guilty plea is a complete admission of guilt." *Id.* at ¶ 10, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. This court held that under the totality of the circumstances the defendant subjectively understood the effect and implications of his plea to a petty misdemeanor.

{¶ 19} Both *Clifford* and *Jakupca* were decided after the Ohio Supreme Court's decision in *Dangler*, yet neither considered the case. Again, *Dangler* sets forth the relevant analysis; this court no longer focuses its inquiry on strict, substantial, or partial compliance with the rule. Therefore, *Clifford* and *Jakupca* are not helpful to the case at bar.

{¶ 20} In *Cleveland v. Jones-McFarlane*, 8th Dist. Cuyahoga No. 108581, 2020-Ohio-3662, this court vacated the defendant's plea when the trial court did not inform her that her guilty plea was a complete admission of her guilt, as set forth

in Crim.R. 11(B). This court called the omission a complete failure to comply with the rule and determined a prejudice analysis was not necessary. *Id.* at ¶ 25. *See also State v. Veite*, 1st Dist. Hamilton No. C-90339, 2021-Ohio-290, ¶ 17 (holding that the trial court's failure to inform the defendant of the appropriate language in Crim.R. 11(B)(1) was a complete failure to comply with Crim.R. 11(E)).[4]

{¶ 21} In *State v. Jackson*, 2d Dist. Champaign No. 2021-CA-44, 2022-Ohio-3662, the defendant pleaded guilty to falsification, a petty misdemeanor. The Second District Court of Appeals found that the trial court did not comply with Crim.R. 11(E) because it did not inform the defendant his guilty plea was a complete admission of his guilt. Citing to *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the court found a complete failure to comply, even though the trial court had advised and the defendant had agreed, both orally and on his plea form, that he understood the effect of his plea. The court noted that "[b]efore accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform [the defendant] that a plea of guilty is a complete admission of guilt." *Id.* at ¶ 12, citing *Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 25. "Because the trial court completely failed to comply with Crim.R. 11(E), [the defendant] was not

---

    [4] We note that *Jones-McFarlane* was also decided post-*Dangler* but did not consider the case, instead citing to *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, which held that "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." *Id.* at ¶ 13, citing *Clark*.

required to demonstrate that he was prejudiced by the trial court's error." *Id.*, citing *Dangler* at ¶ 15.

**{¶ 22}** In this case, the trial court advised Martin of some of her constitutional rights, but it did not tell her that her guilty plea was a complete admission of her guilt, or similar words to that effect. The trial court's failure to inform Martin of the appropriate language in Crim.R. 11(B)(1) regarding the effect of her guilty plea was a complete failure to comply with Crim.R. 11(E). A showing of prejudice is not required. *See Dangler* at ¶ 15, 17.

**{¶ 23}** The trial court did not comply with Crim.R. 11(E); therefore, Martin's guilty plea was not knowingly, voluntarily, and intelligently made, and the court erred by accepting it.

**{¶ 24}** The assignment of error is sustained, and Martin's plea is vacated. Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


EILEEN T. GALLAGHER, J., DISSENTING:

{¶ 25} I concur with the majority's conclusion that the trial court was not required to inform Martin that her conviction in this case could be used to enhance a future telephone harassment charge from a misdemeanor offense to a felony offense. Respectfully, however, I dissent from the majority's determination that the "trial court's failure to inform Martin of the appropriate language in Crim.R. 11(B)(1) regarding the effect of her guilty plea was a complete failure to comply with Crim.R. 11(E)."

{¶ 26} Initially, I note that Martin's argument that the trial court failed to sufficiently explain the effect of her guilty plea relies exclusively on her position that she "was not properly informed of the risk of enhancement should she be convicted of telephone/telecommunications harassment subsequent to her conviction in the case at hand." Martin made no argument, either expressly or by inference, that she did not understand that her guilty plea amounted to a complete admission of guilt. The fact that Martin has not raised an argument concerning the court's failure to perform a word-for-word recitation of Crim.R. 11(B)(1) should speak volumes. With

that stated, however, I acknowledge Martin's citation to the requirements of Crim.R. 11(E) and the corresponding language of Crim.R. 11(B)(1). Accordingly, I do not disparage the majority's decision to analyze whether the requirements of those subsections were complied with in this case.

{¶ 27} As noted by the majority, Crim.R. 11(E) provides that in misdemeanor cases involving petty offenses, the trial court shall not accept a guilty plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." In turn, Crim.R. 11(B)(1) sets forth the effect of a guilty plea and states that "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 28} After careful review of the record, there is no dispute that the trial court did not conduct a word-for-word recitation of the language contained in Crim.R. 11(B)(1). In my view, however, a blanket determination that a trial court completely fails to comply with Crim.R. 11(E) if it does not recite the language of Crim.R. 11(B)(1) ignores the well-established principle that a trial court's failure to use the exact language of Crim.R. 11 does not invalidate a plea. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981); *see also State v. Tolle*, 4th Dist. Adams No. 21CA1135, 2022-Ohio-2839, ¶ 15 ("[A]lthough literal compliance with Crim.R. 11(C) is preferred, it is not required."). Generally, an appellate court will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained, "in a manner

reasonably intelligible to that defendant," the consequences of pleading guilty. *Ballard* at paragraph two of the syllabus.

{¶ 29} Unlike a plea of "no contest," a legal term that carries consequences that are not readily apparent to an ordinary person without further explanation, a defendant's agreement to enter an admission of guilt following a thorough Crim.R. 11 colloquy establishes, absent information in the record to suggest otherwise, the defendant's subjective understanding that his or her plea constitutes a complete admission of guilt.

{¶ 30} In this case, the record reflects that the trial court engaged in a detailed Crim.R. 11 colloquy to ensure that Martin understood the terms of her plea agreement and the rights she would be waiving by entering a plea of guilty. The trial court carefully reviewed the constitutional rights Martin would be waiving by entering a guilty plea and advised Martin of the maximum penalties she faced. The trial court then ensured that no promises or threats were made to Martin to induce her plea, and notified Martin that by pleading guilty, the court was permitted to find her guilty of attempted telephone harassment and proceed directly with sentencing. Finally, the trial court asked Martin to confirm that it was her desire to withdraw her formally entered plea of not guilty and enter a plea of guilty based on her understanding of the constitutional and nonconstitutional rights she would be waiving. The court expressly stated that Martin was required to say "guilty" to effectuate the plea. Significantly, Martin did not express any confusion during the plea hearing and pleaded guilty in accordance with the terms of the plea agreement.

{¶ 31} Where, as here, the trial court's statements during the Crim.R. 11 colloquy, when viewed in their entirety, would lead a reasonable person to understand that a plea of guilty amounts to an admission of guilt, I would find the trial court at least partially complies with its obligation to ensure that the defendant understands the effect of the plea. My finding of partial compliance is particularly true in this matter, because Martin did not assert actual innocence at the time of her plea, nor does she raise actual innocence on appeal. As recognized by the Ohio Supreme Court in *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, which was not overturned by the decision in *Dangler*, "a defendant who has entered a guilty plea without asserting actual innocence *is presumed to understand that he has completely admitted his guilt*." (Emphasis added.) *Id.* at ¶ 19.

> That is, when a defendant affirmatively indicates that he or she is "guilty" of the charge, it is—necessarily and patently—a complete admission of guilt. In other words, "a complete admission of guilt" is more than just the effect of a guilty plea; it is the very nature of a guilty plea.

*State v. Willis*, 6th Dist. Wood No. WD-16-048, 2019-Ohio-1182, ¶ 16. Ohio courts, including the Eighth District Court of Appeals, have reached similar conclusions post-*Dangler*. *See State v. Stewart*, 8th Dist. Cuyahoga No. 110219, 2021-Ohio-3600, ¶ 17-18; *State v. Reyes*, 8th Dist. Cuyahoga No. 110126, 2021-Ohio-3599, ¶ 24; *State v. Kauffman*, 2021-Ohio-1584, 170 N.E.3d 952, ¶ 15-16 (8th Dist.); *Cleveland v. Clifford*, 8th Dist. Cuyahoga No. 108822, 2020-Ohio-3803, ¶ 14;

*Parma v. Jakupca*, 8th Dist. Cuyahoga No. 109124, 2020-Ohio-4918, ¶ 13-14;[5] *State v. Krieger*, 7th Dist. Belmont No. 19 BE 0045, 2020-Ohio-6964; *State v. McClelland*, 7th Dist. Jefferson No. 20 JE 0017, 2021-Ohio-3018, ¶ 41 ("The failure to use the exact language in Crim.R. 11(B)(1) is not a complete failure to comply as the key concept is that the guilty plea constitutes an admission of guilt.").

{¶ 32} Under these circumstances, I would find Martin was required to establish prejudice. Significantly, Martin has not argued that she was prejudiced by the trial court's failure to perform a word-for-word recitation of Crim.R. 11(B)(1). As stated, this is because Martin has not suggested that she did not understand that her plea constituted a complete admission of guilt. "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" *Foster v. Cuyahoga Cty. Bd. of Revision,* 8th Dist. Cuyahoga No. 96841, 2011-Ohio-5508, ¶ 12, quoting *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028 (May 6, 1998); *see also* App.R. 16(A)(7).

{¶ 33} Nevertheless, having reviewed the transcript of the proceedings in its entirety, I find the record is devoid of any information to suggest Martin would not have entered her plea had the court recited Crim.R. 11(B)(1) verbatim. In this case, it is apparent that Martin subjectively understood the consequences of her guilty plea, but ultimately determined that it was in her best interests to plead guilty to the

---

[5] I acknowledge the majority's notation that the panels in *Clifford* and *Jakupca* did not apply the standard of review set forth in *Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286. Nevertheless, I find the panel's review of the subject plea colloquies, and their determinations that the trial court, at the very least, partially complied with the requirements of Crim.R. 11(B) to be persuasive, albeit factually.

amended offense.  Significantly, it should be noted that Martin made her decision to enter a guilty plea after having the opportunity to hear the victim testify on direct and cross-examination.  Her decision to accept the terms of the plea was not made lightly.  It required careful consideration and after tactful consultations with her attorney.  Thus, it is evident that Martin's decision to enter a guilty plea was predicated on her desire to accept the terms of a favorable plea agreement, and not any alleged misunderstanding of the effect of her plea.  Accordingly, Martin cannot establish the requisite level of prejudice to vacate her plea.

{¶ 34} Based on the foregoing, I would overrule the sole assignment of error and find Martin's guilty plea was knowingly, voluntarily, and intelligently entered.  In my view, this court should not subject Martin to potentially elevated penalties on remand by vacating her plea on grounds not asserted by Martin on appeal.  As noted by defense counsel at the time of sentencing, the plea was intended to resolve the conflict between the victim and Martin so that the parties could move forward productively.  The majority's decision undermines this intention by requiring literal compliance with Crim.R. 11(B)(1).